UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfonso Staton, #241380,<br><br>                  Petitioner,<br><br>v.<br><br>Warden Michael McCall,<br><br>                  Respondent.<br>_____ | C/A No.:  5:12-cv-02483-GRA<br><br>**ORDER**<br>(Written Opinion) |

      This matter comes before the Court for a review of United States Magistrate Judge Kaymani D. West's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, and filed on June 13, 2013.  Petitioner Alfonso Staton ("Petitioner"), a state prisoner, brought this habeas action pursuant to 28 U.S.C. § 2254 on August 24, 2012.[1]  ECF No. 1.  Presently before the Court for a ruling are Respondent's Return and Motion for Summary Judgment (ECF Nos. 24 & 25) and Petitioner's Motion to Stay Proceedings Pending the Exhaustion of State Remedies ("Motion to Stay") (ECF No. 43).  Magistrate Judge West recommends that Petitioner's Motion to Stay be granted.  The Magistrate Judge further recommends that Respondent's Motion for Summary Judgment (ECF No. 24) be denied without prejudice so Respondent can refile any appropriate dispositive motions after the stay is lifted.  For the reasons stated herein, the Court adopts the Report and Recommendation in its entirety.

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).  The envelope Petitioner used to file the § 2254 Petition is stamped "received" by the Lee Correctional Institution Mail Room on August 23, 2012.  ECF No. 1-2.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

**Discussion**

On July 1, 2013, Respondent timely objected to the Magistrate Judge's recommendation that this federal habeas proceeding be stayed and held in abeyance. ECF No. 48. Specifically, Respondent alleges that Magistrate Judge West erred in recommending that a stay be granted because he asserts that Petitioner is time barred under the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) one year statute of limitations. *Id.* Additionally, Respondent contends that the Magistrate Judge erred because Petitioner does not meet the requirements of *Rhine v. Weber*, 544 U.S. 269 (2005) because Petitioner's claim of after-discovered evidence which forms the basis of his motion pursuant to Rule 29(b) of the South

Carolina Rules of Criminal Procedure in state court is plainly meritless. *Id.* The Court will address each of these objections herein.

**I.      AEDPA**

Respondent first objects to the Report and Recommendation because he alleges that Petitioner is time barred under the AEDPA's one-year statute of limitations.

Because Petitioner filed his § 2254 Petition after the effective date of the AEDPA, review of his claim is governed by 28 U.S.C. § 2244(d). Under the AEDPA, habeas corpus petitions filed by persons in state custody are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). When a defendant appeals to the state's highest court but does not seek review from the United States Supreme Court, the AEDPA'S one-year limitations period begins to run when the time for seeking such review expires. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Defendants have ninety (90) days after the entry of judgment by the "state court of last resort" to seek certiorari from the Supreme Court. Sup. Ct. R. 13. At the end of this period, the judgment of conviction becomes final.

In this case, the South Carolina Supreme Court denied Petitioner's Petition for Writ of Certiorari on direct review on November 21, 2002. ECF No. 24-24. Thus, Petitioner's conviction became final after the lapse of ninety (90) days on February 19, 2003, and the AEDPA's one-year limitations period began to run.

However, under the AEDPA, the one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Id.* § 2244(d)(2). Petitioner's filing of his post-conviction relief ("PCR") application on July 10, 2003 tolled the one-year limitations period. *Id.* As a result, 141 days had expired on the AEDPA's one-year limitations period at the time Petitioner filed his first PCR application. The statute of limitations remained tolled through February 23, 2009—the date the South Carolina Supreme Court dismissed the grant of certiorari to Petitioner on his PCR Application as improvidently granted. At that point, the 224 days left in the limitations period began to run.

Respondent claims that the one-year limitations period expired on October 5, 2009. ECF No. 48. He asserts that because Petitioner's § 2254 Petition was not filed until August 24, 2012, the Court should not grant the stay and instead dismiss the entire action as untimely. *Id.* Respondent acknowledges that Petitioner filed a Motion for a New Trial based on "after-discovered evidence" pursuant to Rule 29(b) of the South Carolina Rules of Criminal Procedure on May 6, 2009. *Id.* However, citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), Respondent contends that Petitioner is not entitled to the benefit of § 2244(d)(2)'s statutory tolling provisions because Petitioner's 29(b) motion was not "properly filed" in state court. *Id.* Specifically, Respondent claims that Petitioner's motion was not "properly filed" because "(1) it did not meet the elements of an after discovered evidence claim (i.e. it was not evidence), and (2) it was not timely filed." *Id.*

The Supreme Court held in *Pace* that "time limits, no matter their form, are 'filing' conditions" and when a state court rejects a petitioner's postconviction application as untimely, the application is not "properly filed," and the petitioner "is not entitled to statutory tolling under § 2244(d)(2)." *Pace*, 544 U.S. at 417. *Pace* involved a petition filed under the Pennsylvania Post Conviction Relief Act (PCRA). *Id.* at 410. The petition was filed on November 27, 1996. *Id.* After the Court of Common Pleas dismissed the petition as meritless, the petitioner appealed. *Id.* at 411. On December 3, 1998 the Superior Court dismissed the petition as untimely. *Id.* Finally, on July 29, 1999, the Pennsylvania Supreme Court denied review. *Id.* Thus, by the time the petitioner in *Pace* filed his federal habeas petition pursuant to 28 U.S.C. § 2254 on December 24, 1999 and the district court made its ruling, all state proceedings were final.

Conversely, Petitioner's Petition for Writ of Certiorari on his Rule 29(b) motion remains pending before the South Carolina Supreme Court. ECF No. 43. Moreover, Petitioner's PCR application involving the alleged ineffective assistance of counsel of his Rule 29(b) counsel is also pending in state court. *See Staton v. State*, No. 2013-CP-34-00089, ECF No. 46-1. It is true that the circuit court denied Petitioner's Rule 29(b) Motion because the judge found that the motion was untimely and that the evidence was "not such as would likely change the result if a new trial was held." ECF No. 24-36. It is also true that the South Carolina Court of Appeals dismissed Petitioner's appeal "[d]ue to the failure of Appellant to timely serve opposing counsel with the Notice of Appeal." ECF No. 24-38. However, while Petitioner's Petition for Writ of Certiorari and his PCR application are pending, the rulings by the lower courts

on his Rule 29(b) motion cannot be said to be final. The Supreme Court could reverse the finding that the motion was untimely or that the motion did not meet the elements of an after-discovered evidence claim if the court finds an "error of law or abuse of discretion." *State v. Harris*, 706 S.E.2d 526, 545 (S.C. Ct. App. 2011). Moreover, in his PCR application involving the alleged ineffective assistance of his 29(b) counsel, Petitioner seeks to file a belated appeal pursuant to *White v. State*, 208 S.E.2d 35 (S.C. 1974). If the state courts ultimately find that Petitioner's Rule 29(b) motion was timely filed then Petitioner could potentially be entitled to the tolling provisions of § 2244(d)(2).

Therefore, the Court cannot determine at this time whether Petitioner's Rule 29(b) motion was "properly filed" within the meaning of § 2244(d)(2). While the timeliness issue is pending in state court, the Court finds that it would be premature to foreclose Petitioner's opportunity for federal habeas relief. This finding is consistent with the AEDPA's purpose "to further the principles of comity, finality, and federalism." *Williams v. Taylor*, 529 U.S. 420, 436 (2000). Accordingly, Respondent's objection is overruled.

## II.     Plainly Meritless

Respondent next objects to the Magistrate Judge's finding that Petitioner meets the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005) and is therefore entitled to a stay of his § 2254 Petition.

In *Rhines*, the Supreme Court held that a stay of a petitioner's habeas petition to allow him to exhaust state court claims is only appropriate when (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially

meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Rhines*, 544 U.S. at 278.  The stay and abeyance procedure is "available only in limited circumstances" because a stay "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," and "[i]t also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."  *Id.* at 277.

Respondent takes issue with the Magistrate Judge's finding that Petitioner's claim under Rule 29(b) of after-discovered evidence—a conflict of interest by his trial defense attorney—cannot be labeled "plainly meritless" at this juncture.  Respondent asserts, as he did in his response to Petitioner's Motion to Stay that this claim is plainly meritless because the circuit court judge correctly found as a matter of law that it does not meet the elements of after-discovered evidence under state law,[2] and even if it did, it is time barred under state law.  ECF No. 48.  Additionally, Respondent states that the South Carolina Court of Appeals dismissed the appeal from the dismissal of Petitioner's Rule 29(b) motion "for failing to file a notice of appeal in the proper manner and in a timely manner."  *Id.*  However, as noted above, both of these rulings are pending on appeal to the South Carolina Supreme Court.  Again, because of the pendency of these appeals, the Court cannot say that Petitioner's claim is "plainly meritless" and finds that it would be premature to foreclose the opportunity for federal habeas relief.  Moreover, with regard to any questions about whether

---

[2] In order to prevail on a motion for a new trial under S.C. R. Crim. P. 29(b), a person must show that the after-discovered evidence:  "(1) is such that it would probably change the result if a new trial were granted; (2) has been discovered since the trial; (3) could not in the exercise of due diligence have been discovered prior to the trial; (4) is material; and (5) is not merely cumulative or impeaching." *State v. Spann*, 513 S.E.2d 98, 99 (S.C. 1999).

Petitioner is procedurally barred from proceeding in the pending state court proceedings with his claim because of his failure to raise it on direct appeal, the Court finds, as the Magistrate Judge did, that such questions are best resolved there.

Additionally, Respondent claims that "even if Petitioner's latest PCR action was successful in granting him a belated appeal from the denial of his Rule 29(b) Motion, the claim is merit-less."  ECF No. 48.  Respondent again claims that Petitioner's claim is not after-discovered evidence and that it was brought in an untimely manner.  *Id.*  Respondent also claims that Petitioner did not raise this issue on direct appeal or at PCR when he could have.  *Id.*  However, the Court finds that the Magistrate Judge was correct in her finding that Respondent's argument "presupposes facts not finally decided below and not fully available to this court."  ECF No. 47.  While Respondent may ultimately prevail in his arguments, in the interest of comity and federalism, the Court finds that these issues must first be finally decided in state court.  As such, Respondent's objection is overruled.

### Conclusion

After a thorough review of the record, the Report and Recommendation, and the relevant case law, this Court finds that the Magistrate Judge applied sound principles to the facts of this case.  Therefore, this Court adopts the Magistrate Judge's Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Stay (ECF No. 43) is GRANTED.

**IT IS FURTHER ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 24) is DENIED *without prejudice* so Respondent can refile any appropriate dispositive motions after the stay is lifted.

**IT IS FURTHER ORDERED** that counsel for Petitioner submit a status report to the Court within fourteen (14) days of the final decision regarding the pending appeal and within fourteen (14) days of the final decision in Case No. 2013-CP-34-00089. At that time, the Court will issue briefing instructions regarding this habeas matter.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July  11 , 2013
Anderson, South Carolina