UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| ALFONSO STATON, ) | Civil Action No. 5:12-2483-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| WARDEN MICHAEL MCCALL, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Alfonso Staton ("Petitioner") filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West, for pre-trial proceedings and a Report and Recommendation ("Report").

## BACKGROUND

On January 4, 2013, Respondent Warden Michael McCall ("Respondent"), filed a motion for summary judgment, along with a return and memorandum. (ECF Nos. 24 & 25.) The Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on January 7, 2013, advising Petitioner of the importance of a dispositive motion and of the need to file an adequate response to Respondent's motion. (ECF No. 26.) On July 11, 2013, the Court granted Petitioner's motion to stay the proceedings pending Petitioner's exhaustion of state remedies and denied without prejudice Respondent's motion for summary judgment, with permission to refile any appropriate dispositive motions after the stay was lifted. (ECF No. 51.) On February 10, 2020, the Magistrate Judge entered an Order lifting the stay. (ECF No. 122.) On April 21,

1

2020 Respondent filed a motion for summary judgment, along with an amended return and memorandum. (ECF Nos. 123 & 124.) Petitioner filed a response in opposition to the motion for summary judgment on June 5, 2020. (ECF No. 129.) On June 29, 2020, Respondent filed a reply. (ECF No. 132.) Magistrate Judge West considered the parties' submissions and the record in this case, and on July 9, 2020, issued a Report recommending that Respondent's motion for summary judgment be granted, and the petition for a writ of habeas corpus be denied as untimely filed. (*See* ECF No. 134.) The Magistrate Judge advised Petitioner of his right to file specific objections to the Report. (ECF No. 134 at 20.) Petitioner filed objections on July 23, 2020. (ECF No. 135.) Respondent filed a response to Petitioner's objections on August 6, 2020. (ECF No. 136.)

The Report sets forth the relevant factual and procedural background from the trial appellate, and post-conviction relief ("PCR") proceedings (*see* ECF No. 134 at 2–10), as well as the correct standard of review applicable to Respondent's motion for summary judgment (*see id.* at 12), and the Court incorporates them here without recitation.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

Petitioner filed his § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997). The statute of limitations for § 2254 petitions is set forth in 28 U.S.C. § 2244, which states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In other words, subject to the tolling provision, a habeas petitioner

has one year in which to timely file his petition. *See id.*

The Magistrate Judge concluded that Petitioner's claims must be dismissed because they are untimely. (ECF No. 134 at 13.) Whereas the statute of limitations expired on October 23, 2009, Petitioner did not file this habeas action until August 23, 2012, more than two and a half years later. (*Id.* at 299.) Petitioner does not challenge this finding in his objections. (*See* ECF No. 135.) After review, the Court agrees with the Magistrate Judge that the instant habeas petition was filed well outside the one-year statute of limitations and is untimely.

Next, the Magistrate Judge considered whether the statute of limitations should be equitably tolled in this case. (*See* ECF No. 134 at 15–19.) After accurately setting forth the applicable law, noting that Plaintiff's claim of actual innocence forms the basis of his equitable tolling argument, and describing the evidence and argument upon which Plaintiff bases that actual innocence claim, Magistrate Judge West found that Petitioner failed to allege sufficient facts to state a viable actual innocence claim and that the statute of limitations should not be equitably tolled. (*See id.* at 18.) The Report states:

> Concerning Petitioner's alibi evidence, Petitioner makes no showing that the testimony from his mother, step-father, and his aunt's fiancé were not available to be presented at trial. In fact, Petitioner testified during his PCR hearing that he gave his trial counsel the names of his alibi witnesses prior to the trial, but his counsel decided not to call them as witnesses. App. 1791–1801. "'Late-offered' testimony is not 'new evidence' if the substance of such testimony was available at [petitioner's] criminal trial." *Lewis v. Clarke*, 2014 WL 2090563, at *6 (E.D. Va. May 19, 2014). Additionally, the PCR testimony from his mother, step-father, and his aunt's fiancé, the Pearson affidavit, and Petitioner's school records, do not qualify as "credible" evidence, because this evidence does not establish Petitioner's factual innocence. A review of the record establishes that the state presented testimony from Petitioner's co-defendants that Petitioner (a) was present when Pearson said he was "going to get [Victim] to suck his d* *k", (b) was outside the home when the victim was tied up in the trailer, (c) was

> in the vehicle when the victim was driven to and thrown in the creek, and (d) was on a trip when Pearson confessed to killing victim. Additionally, at best, Petitioner's school records only account for Petitioner's whereabouts during the day, but do not establish where Petitioner was in the evenings on the dates in question. Although courts recognize credible declarations of guilt by another or trustworthy eyewitness accounts as "new evidence" that could be a credible basis to establish the factual innocence of the petitioner, the testimony of Petitioner's alibi witnesses, the Pearson affidavit, and his school records do not meet this high standard. Allegedly new evidence cannot be viewed in a vacuum, but instead, district courts should "count unjustifiable delay . . . as a factor in determining whether actual innocence has been reliably shown" when analyzing the credibility of proffered evidence. *McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013).

(*Id.* at 17–18.) Magistrate Judge West's analysis of Petitioner's actual innocence claim directly addresses the arguments raised in Petitioner's response to the motion for summary judgment, specifically the Petitioner's assertions that alleged alibi evidence and the post-sentencing affidavit of co-defendant Ringo Pearson—in which Pearson claims he acted alone—conclusively demonstrate Petitioner's innocence. (*See* ECF No. 129 at 13–18.)

In his objections, Petitioner first argues that the Magistrate Judge erred by making unavailability at trial a prerequisite for evidence to be considered in an actual innocence claim. (*See* ECF No. 135 at 1–2.) He contends that Magistrate Judge West applied too narrow of a definition of "new evidence," when she stated in the Report, "'Late-offered' testimony is not 'new evidence' if the substance of such testimony was available at [petitioner's] criminal trial.'" (*See* ECF No. 134 at 17–18 (quoting *Lewis v. Clarke*, 2014 WL 2090563, at *6 (E.D. Va. May 19, 2014)).) Petitioner argues that the evidence of his alibi witnesses and school records should be considered "new evidence" because it was not presented to the jury, and Pearson's affidavit is "new evidence" by any standard because it had not been made at the time of trial. (ECF No. 135 at 2.) "Therefore,"

5

Petitioner states, "the court should examine all evidence whether or not it was presented at trial to make a decision on whether petitioner was actually innocent." (*Id.*)

Petitioner's first objection has not shown any error in the Magistrate Judge's analysis and the objection is overruled. Whether the alibi evidence and Pearson's affidavit are deemed "new evidence" or not, the Magistrate Judge *did* consider them in evaluating whether Petitioner satisfied the exacting actual innocence standard set forth in *Schlup v. Delo*, 513 U.S. 298 (1995) with respect to procedural default, and reaffirmed in *McQuiggin v. Perkins*, 569 U.S. 383 (2013) with respect to equitable tolling. In *McQuiggin*, the U.S. Supreme Court stated:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House,* or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: *"[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."* *Schlup,* 513 U.S., at 329, 115 S. Ct. 851; *see House,* 547 U.S., at 538, 126 S. Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "*the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence*. *Schlup,* 513 U.S., at 332, 115 S. Ct. 851.

569 U.S. at 386–87 (emphasis added). After considering Petitioner's alibi witness testimony and school records, Magistrate Judge West concluded that this evidence, if believed, would not definitively establish that Petitioner could not have committed the crime, but would rather go toward the sufficiency of the evidence to establish Petitioner's guilt. (*See* ECF No. 134 at 18.) Moreover, the Magistrate Judge evaluated the alibi evidence and Pearson's affidavit and found they do not exhibit sufficient *credibility* to satisfy the demanding actual innocence standard. (*See id.* at 17–18.) Petitioner has not

demonstrated error in the Magistrate Judge's willingness to consider his alleged evidence of actual innocence and the objection is overruled.

Next, Petitioner objects by arguing that the Magistrate Judge erred in finding that Petitioner did not prove his actual innocence claim. Petitioner asserts:

> [T]he Magistrate Judge appears to examine the evidence not presented to the jury in a vacuum as opposed to applying it to the partial alibi and other evidence presented during the trial. Unlike many cases, the evidence presented against Petitioner establishes nothing more than mere presence. Additionally[,] the only witnesses that testify against him tell impossible stories when examined with the new alibi evidence and the evidence of the alibi's presented at trial. If presented with the new evidence no reasonable juror would have found Petitioner guilty.

(ECF No. 135 at 2–3.) However, rather than point to specific instances of the Magistrate Judge supposedly examining the "new evidence" in a vacuum, Petitioner simply rehashes arguments from his response in opposition to the motion for summary. Indeed, the majority of Petitioner's "objections" are a verbatim restatement of the arguments from his opposition brief. (*Compare* ECF No. 129 at 10–18, *with* ECF No. 135 at 3–10.)

Suffice it to say, the Court agrees with the Magistrate Judge that Petitioner has not met the standard required under *McQuiggin* for equitable tolling pursuant to an actual innocence theory, and Petitioner's arguments to the contrary do not reveal any error in the Magistrate Judge's analysis. With respect to the Pearson affidavit, Pearson's assertion that he acted alone is lacking in credibility and is contradicted by ample record evidence. The jury heard Pearson's prior statements in which he admitted to kidnapping, sexually assaulting, and murdering the victim, yet still convicted his co-defendants. An affidavit that Pearson submitted thirteen years later—after he had already been sentenced and could not be re-tried—claiming he acted alone, cannot erase all the other

witness statements, testimony, direct and circumstantial evidence that corroborated the involvement of Pearson's co-defendants and upon which the jury relied to convict Petitioner. In addition to the timing of the affidavit weighing against its reliability, Pearson had reason to fabricate in order to alleviate the criminal consequences for his co-defendants, most of whom are his relatives and received more severe sentences than he (the Court is informed that Pearson has completed his sentence and is out of prison (*see* ECF No. 136 at 13), while Petitioner and four of the five remaining co-defendants received life sentences). With respect to the PCR testimony of Petitioner's mother, step-father, and aunt's fiancé, again, the timing of its submission cuts against its reliability. The alleged alibi witnesses are inherently biased in Petitioner's favor given their close family relationship. At best, the alibi testimony, if offered at trial, would have been *some* evidence challenging the sufficiency of the State's case against Petitioner, but it does not provide Petitioner with a complete alibi and does not satisfy his burden to show that no reasonable juror would have voted to convict him. Likewise, Petitioner's school records do not provide a complete alibi. Even if the school records are accurate as to Petitioner being in school on the days indicated, they do not reflect Petitioner's whereabouts after school hours on weekdays or any time on weekends.

Finally, Petitioner was tried together with Charles "Rickey" Stuckey, Jeffery Walls, Martin McIntosh, Leroy Staton, and Robert Graham on charges of murder, kidnapping, first degree criminal sexual conduct ("CSC"), and criminal conspiracy (Graham was charged with everything except murder). *State v. McIntosh*, 595 S.E.2d 484, 485 n.1 (S.C. 2004). The jury found all co-defendants guilty on all counts, except that Petitioner was found not guilty of CSC and Graham (not charged with murder) was found not guilty of

8

kidnapping or CSC. *Id.* n.5. The jury's mixed findings against Petitioner and Graham, in conjunction with universal findings of guilt against the other co-defendants, are indicative that the jury did not simply engage in a guilt-by-association method of fact finding, but applied the law to the facts proved against Petitioner and his co-defendants individually.

After *de novo* review, the Court agrees with the analysis and recommendation of the Magistrate Judge and finds no error therein. Petitioner has not shown that viewing the "new evidence" in conjunction with the evidence admitted at trial, it is more likely than not that no juror acting reasonably would have found him guilty. *See McQuiggin*, 569 U.S. at 386. Petitioner's action is time barred, equitable tolling of the statute of limitations is not invoked, and Respondent is entitled to summary judgment in his favor. Accordingly, Petitioner's objections are overruled and the Report is adopted.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections, and adopts and incorporates the Magistrate Judge's Report (ECF No. 134). Therefore, Respondent's motion for summary judgment (ECF No. 124) is GRANTED to the extent that it argues the petition for a writ of habeas corpus is untimely and equitable tolling does not apply. The habeas petition (ECF No. 1) is DENIED and DISMISSED *with prejudice*.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

September 22, 2020
Charleston, South Carolina

*****

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.